UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GERALDINE R. JAMES, as personal representative of the Estate of William Dwayne Harris, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 5:14-cv-02267-SGC ) ) |
| CITY OF HUNTSVILLE, ALAMABA, et al., | ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Geraldine R. James. (Doc. 1-1). The plaintiff states one count against the City of Huntsville, Mark Hudson (former Chief of Police of the Huntsville Police Department ("HPD")), and seven fictitious defendants for deliberate indifference to the serious medical needs of William Dwayne Harris in violation of the Fourteenth Amendment. (*Id.*). The defendants[1] removed this action from the Circuit Court of Madison County, Alabama on November 24, 2014 pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1). On December 1, 2014, the defendants filed a motion to dismiss on five grounds pursuant to Rules 12(b)(5) and (6) of the *Federal Rules of Civil Procedure*. (Doc. 4). The plaintiff has responded (Doc. 7), and the defendants have replied (Doc. 8). For the reasons discussed below, the defendants' motion is due to be granted in part and denied in part. Furthermore, service of process on Hudson is due to be quashed, and the plaintiff is due to be required to amend her complaint.

---

[1] The term "defendants" refers to the City and Hudson.

1

## I. Standards of Review

### A. Rule 12(b)(5)

A motion to dismiss brought pursuant to Rule 12(b)(5) tests the sufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service. *Davis v. Country Cas. Ins. Co.*, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013) (citing *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d, 1252, 1263 (S.D. Ala. 2012); *Truss v. Chappell*, 4 So. 3d 1110, 1112 (Ala. 2008)).

### B. Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. Complaint

In her complaint, the plaintiff alleges as follows: Harris was detained by HPD officers on October 25, 2012 at approximately 3:10 P.M. (Doc. 1-1 at ¶ 10). He complained to the officers of feeling sick, stating he had a serious heart problem, was having chest pains, and could not breathe. (*Id.* at ¶ 11). One of the officers said, " 'I don't give a f**k how you feel'" and failed and/or refused to call for emergency help. (*Id.* at ¶ 12). Harris started having what appeared to be a seizure, threw up, and fell to the ground not breathing. (*Id.* at ¶ 13). At approximately 3:36 P.M., the officers called for an ambulance. (*Id.* at ¶ 14). Paramedics reported Harris had no pulse when they arrived at approximately 3:42 P.M., after he collapsed. (*Id.* at ¶ 15). Harris was transported to Huntsville Hospital, where he was declared dead at 5:37 P.M. (*Id.* at ¶ 16). According to the plaintiff, despite Harris's serious medical condition of which he advised the officers, Harris did not receive medical treatment in a timely manner and the officers stood by and watched as he suffered and died at the age of 31. (*Id.* at ¶¶ 18-19).

## III. Discussion

### A. Capacity of Plaintiff to Sue

The defendants argue this action should be dismissed pursuant to Rule 12(b)(6) because the plaintiff has failed to plead any facts or cite any legal authority entitling her to proceed or

3

recover on Harris's behalf.  (Doc. 5 at 9-12).  Section 1983 does not have a survivorship provision.  *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011).  Due to this "deficiency," the survivorship of an action brought pursuant to § 1983 is governed by 42 U.S.C. § 1988(a), which provides that where federal law is "deficient," the state law of the forum applies to the extent it is not inconsistent with federal law.  *Estate of Gilliam*, 639 F.3d at 1045.  The Eleventh Circuit has held that Alabama's survivorship statute, Ala. Code § 6-5-462, applies to § 1983 actions.  *See id.* at 1046-50; *see also Sawyer v. Collins*, 2014 WL 710804, at *16 (S.D. Ala. Feb. 25, 2014).  Under that provision, a deceased's unfiled tort claims do not survive his death.  Ala. Code § 6-5-462; *see also Estate of Gilliam*, 639 F.3d at 1046; *Bell v. City of York, Alabama*, 2013 WL 1352022, at *27 (N.D. Ala. Mar. 29, 2013).  However, "when a constitutional violation actually causes the injured party's death, a § 1983 claim can be asserted through the Alabama wrongful death statute, Ala. Code § 6-5-410." *Estate of Gilliam*, 639 F.3d at 1047; *see also Bell v. Shelby Cnty., Alabama*, 2013 WL 2248247, at *13 (N.D. Ala. May 21, 2013).  Alabama's wrongful death statute vests standing to sue only in a decedent's personal representative.  Ala. Code § 6-5-410; *see also Brown v. Mounger*, 541 So. 2d 463, 463 (Ala. 1989).

Although a decedent's personal representative is the only person who may commence a § 1983 action on his behalf claiming a constitutional violation caused his death, Rule 9(a)(1)(B) of the *Federal Rules of Civil Procedure* provides that a pleading need not allege a party's authority to sue in a representative capacity unless required to show the court has jurisdiction.  *See* Fed. R. Civ. P. 9(a)(1)(B); *see also* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1292 (3d ed.).  "The rationale behind this rule is that the nature of the plaintiff's cause of action can be determined from the body of the complaint."  *Colorado Springs Cablevision, Inc. v. Lively*, 579

4

F. Supp. 252, 255 (D. Colo. 1984).  A defendant must challenge a plaintiff's authority to sue in a representative capacity by a specific denial.  Fed. R. Civ. P. 9(a)(2).

Here, the defendants do not specifically deny the plaintiff lacks the capacity to proceed on Harris's behalf.  Rather, they merely contend the plaintiff has not sufficiently pled the capacity in which she brings this action or cited any Alabama law entitling her to recover on Harris's behalf.  (Doc. 5 at 11).  Rule 9(a)(1)(B) explicitly provides that the plaintiff is not required to allege her authority to sue in a representative capacity unless necessary to establish subject matter jurisdiction, which is not in question here.  Furthermore, on a motion to dismiss, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  It is obvious the plaintiff commenced this action after Harris's death, and the complaint alleges the defendants' constitutional violations caused Harris's death.  (Doc. 1-1 at ¶¶ 19-20, 22, 32, 36). The complaint's caption identifies the plaintiff as the personal representative of Harris's estate (*id.* at p. 1), and paragraph 1 of the complaint refers to Harris as the plaintiff's "decedent" (*id.* at ¶ 1).  Therefore, it does not clearly appear on the face of the complaint that the plaintiff lacks capacity to bring this action on behalf of Harris or has no statutory basis to recover on his behalf. *See Deirmenjian v. Deutsche Bank, A.G.*, 2006 WL 4749756, at *30-31 (C.D. Cal. Sept. 25, 2006) (denying defendants' motion to dismiss for failure to adequately allege capacity where it was not clear on face of complaint plaintiffs lacked capacity to sue).  For the foregoing reasons, the defendants' motion to dismiss on this ground is due to be denied.

### B. Service on Hudson

The defendants argue the claim against Hudson should be dismissed pursuant to Rule 12(b)(5) because the plaintiff has not properly served Hudson with process.  (Doc. 5 at 2, 4-7).

In an affidavit attached to the defendants' motion to dismiss,[2] Hudson states his employment with the City ended on April 1, 2012, the effective date of his retirement from the HPD. (Doc. 5-2 at ¶ 3). The parties agree the plaintiff attempted to serve Hudson by sending a copy of the summons and complaint to HPD headquarters via certified mail. (*Id.* at 7; Doc. 7 at 2). Notice of the certified mailing arrived at the HPD's post office box on or about October 29, 2014. (Doc. 5 at 2-3, 7). On or about that same date, an HPD employee retrieved the certified mailing and signed the return receipt. (*Id.* at 3, 7). In another affidavit attached to the defendants' motion to dismiss, that employee states he did not know the contents of the certified mailing when he signed the return receipt and had no authority to accept service on Hudson's behalf. (Doc. 5-1 at ¶¶ 4-5). Hudson's affidavit states he has not been served with or otherwise received a copy of the summons and complaint and that no person at HPD or otherwise employed by the City is authorized to accept service on his behalf. (Doc. 5-2 at ¶¶ 4-5). The defendants argue service on Hudson at HPD headquarters was improper because Hudson was not an HPD employee at the time of service and that the HPD employee who signed the return receipt was not an agent authorized to accept service on Hudson's behalf. (Doc. 5 at 7). In response, the plaintiff does not contend she properly served Hudson; rather she argues the time for perfecting service on Hudson has not expired and, therefore, dismissal of the claim against him would be premature. (Doc. 7 at 1-2).

When a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service. *Davis v. Country Cas. Ins. Co.*, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013) (citing *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F.

---

[2] A court may consider affidavits and other evidence supporting a motion to dismiss for insufficiency of service of process. *Carthen v. Baptist S. Med. Ctr.*, 2011 WL 855279, at *2 (M.D. Ala. Feb. 23, 2011) (citing *Davis v. Musler*, 713 F.2d 907, 910-11 (2nd Cir. 1983), *report and recommendation adopted*, 2011 WL 855271 (M.D. Ala. Mar. 11, 2011).

Supp. 2d, 1252, 1263 (S.D. Ala. 2012); *Truss v. Chappell*, 4 So. 3d 1110, 1112 (Ala. 2008)). Here, the plaintiff has failed to meet this burden. She has offered no argument she perfected service on Hudson. In fact, the only argument she does offer—that the time for perfecting service on Hudson has not expired—impliedly concedes she has not perfected service on Hudson.

Furthermore, it appears this may be true, at least with respect to any claim asserted against Hudson in his individual capacity. Although not explicit, it appears the plaintiff names Hudson as a defendant in both his individual and (former) official capacities. The complaint refers to Hudson as the final policymaker for the HPD regarding the training and supervision of police officers (Doc. 1-1 at ¶¶ 6, 28), which suggests Hudson is sued in his official capacity. *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1480 (11th Cir. 1991) ("[A] municipal official who has 'final policymaking authority' in a certain area of the city's business may by his or her own action subject the government to § 1983 liability when the challenged action falls within that authority.") The complaint also refers to Hudson as a supervisory official responsible for developing and implementing policies and procedures for the medical care of detainees (Doc. 1-1 at ¶¶ 25-29, 35), which suggests Hudson is sued in his individual capacity. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (causal connection necessary to impose liability on supervisory official sued in individual capacity may be established when supervisor's custom or policy results in deliberate indifference to constitutional rights).

In an unpublished opinion, the Eleventh Circuit has stated, "[g]enerally, a government employee sued in his individual capacity must be personally served." *Reeves v. Wilbanks*, 542 Fed. App'x, 742, 747 (11th Cir. 2013) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (applying Illinois law); *Ecclesiastical Order of the Ism of Am, Inc. v . Chasin*, 845

7

F.2d 113, 116 (6th Cir. 1988) (applying *Federal Rules of Civil Procedure*); *Production & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 22 (9th Cir. 1983)). Therefore, it appears service on Hudson in his individual capacity via certified mail addressed to HPD headquarters is insufficient. At the very least, the plaintiff has failed to meet her burden of proving such service was proper. *Reeves*, 542 Fed. App'x at 746-47 (affirming dismissal of claims against various individuals associated with the Gwinnett County, Georgia public school system sued in their individual capacities pursuant to Rule 12(b)(5) where plaintiff attempted to serve such individuals through registered agent for school system at board of education's offices and failed to offer any authority Georgia or board of education departed from the "general principle" regarding service on a government employee sued in his individual capacity).

When service of process on a defendant is lacking, a district court has broad discretion either to dismiss the defendant or quash the defective service and afford the plaintiff an opportunity to effect valid service. *Frazer v. Johnson Controls, Inc.*, 2013 WL 5519831, at *4 (N.D. Ala. Sept. 30, 2013); *see also Foster v. Bridgestone Americas, Inc.*, 2011 WL 3606983, at *7 (S.D. Ala. Aug. 15, 2011) (clear weight of authority is proper remedy for insufficient service is to quash defective service and permit leave to effect valid service, unless it appears service of process cannot be obtained). Notwithstanding an insufficient attempt at service under state law,[3] a plaintiff may perfect service after removal pursuant to federal law. 28 U.S.C. § 1448; *see also Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 697 (M.D. Ga. 1998). The *Federal Rules of Civil Procedure* apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81(c)(1). The 120-day period for service provided by Rule 4(m) of the *Federal Rules of Civil Procedure* applies to a civil action removed from state court and begins to run on the date of removal.

---

[3] A federal court looks to state law governing service of process to determine whether service that occurs before removal of an action is sufficient. *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985); *Davis*, 2013 WL 3874709, at *3.

*Cardenas*, 646 F.3d at 1004-05 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-23 (7th Cir. 2001); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1340-41 (N.D. Ga. 2013).

Although the plaintiff has failed to prove proper service of process on Hudson, the defendants' motion to dismiss on this ground is due to be denied. Instead, service on Hudson is due to be quashed because it does not appear service on Hudson cannot be obtained. The plaintiff must serve Hudson with process in compliance with the *Federal Rules of Civil Procedure* within 120 days from the date of removal of this action.

### C. The City

The defendants argue the City should be dismissed pursuant to Rule 12(b)(6) because "there is no mention of [it] within Count One, and [the] plaintiff does not appear to assert any claims against [it]." (Doc. 5 at 9). In response, the plaintiff argues she has sufficiently alleged a supervisory liability claim "against Hudson (and other supervisor defendants)," citing two cases from the Eleventh Circuit that address § 1983 claims against individuals but not a municipality. (Doc. 7 at 3-5). Review of the complaint and the parties' arguments reveals a lack of clarity as to what types of claims are asserted against which defendants in what capacity. Therefore, the plaintiff should be directed to amend her complaint to plead claims against each defendant in an unambiguous manner, and the defendants' motion to dismiss pursuant to Rule 12(b)(6) is due to be denied without prejudice.

### D. Chief Lewis

The defendants note that while Lewis Morris, current Chief of the HPD, is identified as a defendant in the section of the complaint identifying the parties, he is not listed as a defendant in the caption, included in the service list at the end of the complaint, or mentioned anywhere else

9

in the complaint.  To the extent the plaintiff attempts to state any claims against Chief Morris, the defendants request dismissal of these claims pursuant to Rule 12(b)(6).  To the extent the plaintiff does not name Chief Morris as a defendant, the defendants request the one and only reference to him in the complaint be stricken pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*.  In response, the plaintiff states that "[a] scheduling order has not been entered in the instant case.  As such, the time to amend the complaint has not yet passed and Defendant's (sic) motion to dismiss Chief Morris is premature."  (Doc. 7 at 3).  In reply, the defendants assert that "a scheduling order merely sets deadlines for the remainder of the proceedings *after* a complaint has been properly plead."  (Doc. 8 at 2).

      Chief Morris has not been joined as a defendant in this action.  Therefore, there are no claims against him to dismiss.  Nor is the reference to him in the complaint due to be stricken.  Rule 12(f) of the *Federal Rules of Civil Procedure* provides a mechanism for a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  " 'The standard of review for a motion to strike is typically stringent. . . .'"  *Smith v. City of Lake City, Florida*, 2012 WL 4772286, at *1 (M.D. Fla. Oct. 8, 2012).  "Such motions are not favored by courts and are generally denied 'unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'"  *Allen v. Life Ins. Co. of N. America*, 267 F.R.D. 407, 410 (N.D. Ga. 2009).  Because the plaintiff should be required to replead her complaint to clarify her claims, the defendants' motion to strike the reference to Chief Morris is due to be denied without prejudice.

**E. <u>Fictitious Defendants</u>**

Finally, the defendants move to dismiss or strike all claims asserted against the fictitious defendants on the grounds there is no fictitious-party practice in federal court. As a general matter, this is true. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)); *CSX Transp., Inc. v. United Transp. Union*, 236 Fed. App'x 562, 563 n.1 (11th Cir. 2007). There is a limited exception "when the plaintiff's description of the defendants is so specific as to be 'at the very worst, surplusage.'" *Richardson*, 598 F.3d at 738 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Here, the plaintiff identifies the fictitious defendants as (1) "that entity or those entities who or which negligently or wantonly caused injury to the [p]laintiff on or about October 25, 2012," (2) "the police officers or other representatives or agents of the [HPD] who detained [the] [p]laintiff on October 25, 2012," (3) "that entity or those entities who or which exercised control over William Dwayne Harris at the time he was detained by [HPD] officers on October 25, 2012," (4) "that entity or those entities who or which failed or refused to call for emergency help when William Dwayne Harris notified them that he was in need of medical treatment," (5) "that entity or those entities who or which exercised control over the [HPD]," (6) "that entity or those entities who or which are responsible for proximately causing the injuries sustained by the [p]laintiff," and (7) "that entity or those entities who or which established policies and procedures, and/or trained [HPD] employees in said policies and procedures, at any time before the occurrence made the basis of [the] [p]laintiff's complaint." (Doc. 1-1 at ¶ 8). These descriptions are not so specific as to come within the exception to the prohibition against

fictitious-party pleading in federal court. Therefore, the plaintiff's claims against the fictitious defendants are due to be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the defendants' motion to dismiss this action on the ground the plaintiff has failed to sufficiently plead her capacity to sue be **DENIED**. The undersigned **RECOMMENDS** that the defendants' motion to dismiss the claims against Hudson on the ground the plaintiff has failed to effect valid service of process on this defendant be **DENIED** but that service on Hudson be **QUASHED** and the plaintiff **DIRECTED** to serve Hudson with process in compliance with the *Federal Rules of Civil Procedure*. The undersigned **RECOMMENDS** that the defendants' motion to dismiss the claims against the City and Chief Lewis for failure to state a claim on which relief may be granted or, in the alternative, to strike the reference to Chief Lewis in the complaint be **DENIED WITHOUT PREJUDICE** and that the plaintiff be **DIRECTED** to amend her complaint to plead claims against each defendant in an unambiguous manner. Finally, the undersigned **RECOMMENDS** that the defendants' motion to dismiss the claims against the fictitious defendants be **GRANTED**.

## V. Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and

recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

**DONE** this 4th day of March, 2015.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE