FILED

2015 Dec-21  AM 08:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| GERALDINE R. JAMES, as personal representative of the Estate of William Dwayne Harris, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 5:14-cv-02267-SGC |
| CITY OF HUNTSVILLE, ALABAMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Geraldine R. James, as personal representative of the Estate of William Dwayne Harris. The defendants, Mark Hudson and the City of Huntsville, removed it to this court from the Circuit Court of Madison County, Alabama on November 24, 2014, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1). On December 1, 2014, they filed a motion to dismiss pursuant to Rules 12(b)(5) and (6) of the *Federal Rules of Civil Procedure* on five grounds. The undersigned recommended the motion to dismiss be denied in part and granted in part, service on Hudson be quashed, and James be directed to serve Hudson with process in compliance with the *Federal Rules of Civil Procedure* and amend her complaint to plead claims against each defendant in an unambiguous manner. (Doc. 10). The court accepted those recommendations on May 26, 2015. (Doc. 12). James filed an amended complaint on June 2, 2015. (Doc. 13). The defendants filed a motion to dismiss the amended complaint on June 16, 2015. (Doc. 15). The parties have briefed

the motion fully.  (Docs. 16, 18 & 19).  For the reasons discussed below, the motion is due to be denied and James will be directed to clarify the legal basis of her § 1983 claims by filing a second amended complaint.[1]

## I. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555).  "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient.  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (*quoting Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*citing Twombly*, 550 U.S. at 556).

---

[1] Although the parties have not consented to magistrate judge jurisdiction, this action is governed by the General Order for Referral of Civil Matters to the United States Magistrate Judges of the Northern District of Alabama dated January 14, 2013, which permits a magistrate judge to deny a motion to dismiss even in the absence of unanimous consent.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. <u>Amended Complaint</u>

In her amended complaint, the plaintiff alleges as follows: William Dwayne Harris was detained by officers of the Huntsville Police Department ("HPD") at approximately 3:30 P.M. on October 25, 2012, at 3908 Hillcrest Court in Huntsville, Alabama. (Doc. 13 at ¶ 9). Officer Jeremy S. Putman took Harris into custody by placing him in handcuffs. (*Id.* at ¶ 10). Officers Kelley Lynn Reeve, Kevin Smith, and Jefford S. Wright were involved in Harris's detention, as well. (*Id.*).

Harris complained to the officers of feeling sick, stating he had a serious heart problem, was having chest pains, and could not breathe. (*Id.* at ¶ 11). Harris asked the officers to go to the hospital. (*Id.*). In response, one of the officers asked Harris why he had not gone to the hospital yet. (*Id.* at ¶ 12). Another told Harris a nurse would check him out at the jail. (*Id.*). No ambulance was called. (*Id.*).

As Harris was escorted to a police car, he had to stop to dry heave and vomit for several minutes. (*Id.* at ¶ 13). Only then, at approximately 3:36 P.M., did an officer call an ambulance, even though Harris had been complaining of being sick since he was placed in handcuffs at approximately 3:30 P.M. (*Id.* at ¶¶ 13-14). An officer had Harris sit in the back of a police car handcuffed and with his feet on the ground to wait for the

ambulance. (*Id.* at ¶ 13). The ambulance proceeded "Code 1," which is used to respond to non-emergencies. (*Id.* at ¶ 15). The responders did not turn on its lights or siren and followed the flow of traffic. (*Id.*). While waiting for the ambulance, Harris continued to have difficulty breathing and fell backwards into the police car. (*Id.* at ¶ 16). Officers removed Harris from the car, un-handcuffed him, and laid him on the ground on his side. (*Id.*). The ambulance responders were notified of this development and only then proceeded "Code 3" with lights and siren on. (*Id.* at ¶ 17). By the time the ambulance arrived at 3:46 P.M., Harris had stopped breathing and had no pulse. (*Id.* at ¶ 18). Although Harris was revived en route to Huntsville Hospital, an emergency room physician declared Harris dead at 5:37 P.M. (*Id.* at ¶ 19).

James claims that despite Harris's serious medical condition of which he advised the officers, Harris did not receive medical treatment in a timely manner and the officers stood by and watched as he suffered and died. (*Id.* at ¶ 21). James does not name the officers involved in Harris's detention as defendants. Rather, she names only Hudson and the City of Huntsville as defendants, asserting theories of supervisory liability against the former and municipal liability against the latter. (*Id.* at ¶¶ 21-40).

## III. <u>Discussion</u>

The defendants state two grounds for dismissal of the amended complaint. First, they argue the amended complaint fails to allege a predicate constitutional violation on which supervisory or municipal liability may be based. (Doc. 16 at 2, 4-6). Second, they argue the amended complaint fails to identify a legal basis for the survivorship of James's § 1983 claim. (*Id.* at 6-8).

## A. **Predicate Constitutional Violation**

The defendants correctly note there can be no supervisory or municipal liability absent an underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Gish v. Thomas*, 516 F.3d 952, 955 (11th Cir. 2008); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993). However, their argument the amended complaint fails to allege an underlying constitutional violation as the basis for the liability of Hudson or the City of Huntsville is confusing given they simultaneously acknowledge the amended complaint alleges deliberate indifference to Harris's serious medical needs in violation of the Fourteenth Amendment. (Doc. 16 at 2, 4). The defendants do not argue the amended complaint fails to allege an underlying constitutional violation sufficiently. Rather, they argue the amended complaint fails to allege an underlying constitutional violation at all. (Doc. 16 at 5). Clearly, this is not the case. The amended complaint alleges HPD officers were deliberately indifferent to Harris's serious medical needs. If true, the officers violated Harris's constitutional rights. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (deliberate indifference to serious medical needs of pre-trial detainee violates Fourteenth Amendment's Due Process Clause). Likewise, the defendants do not argue this alleged constitutional violation is insufficient to support a supervisory liability claim against Hudson or a municipal liability claim against the City of Huntsville. Nor do they otherwise argue the amended complaint fails to allege supervisory or municipal liability sufficiently. In fact, in their reply in support of their motion to dismiss, they state, "[T]he sufficiency of plaintiff's allegations regarding a policy of the [City of Huntsville] or supervisory actions

of [] Hudson [are] not at issue here.  Indeed, the [c]ourt does not need to reach whether plaintiff's custom and policy allegations in her amended complaint are sufficient . . . ." (Doc. 19 at 2).  At the defendants' urging and in the interest of judicial economy, the undersigned declines to do so.

To the extent the basis of the defendants' argument is the amended complaint's omission of a direct liability deliberate indifference claim against the HPD officers who James alleges actually carried out or personally participated in the violation of Harris's constitutional rights, it is misguided.  A plaintiff need not sue the individual tortfeasors she alleges violated her constitutional rights but may proceed solely against the municipality that employed them.  *Askins v. Doe No. 1*, 72 F.3d 248, 253 (2nd Cir. 2013); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009) (rather than suing police officers who the plaintiff alleged unlawfully detained him and, in the course of doing so, used excessive force, plaintiff sued municipality only); *Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002) (noting there is "nothing to prevent a plaintiff from foregoing the naming of an individual officer as a defendant and proceeding directly to trial against the municipality").  "It suffices to plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality."  *Askins*, 72 F.3d at 253.  Logically, this principle extends to claims against supervisory defendants.

## B. <u>Legal Basis of § 1983 Claim</u>

In their motion to dismiss the amended complaint, the defendants repeat an argument raised in their motion to dismiss the original complaint—namely, that James

"fails to plead any legal basis for a survivorship action."  (Doc. 5 at 9-12; Doc. 16 at 6-8).  In preparing a report and recommendation on the motion to dismiss the original complaint, the undersigned interpreted this argument as challenging the sufficiency with which James alleged her capacity to sue on behalf of Harris.  (Doc. 10 at 3-5).  In their motion to dismiss the amended complaint, the defendants clarify they do not challenge James's capacity to sue, but rather her failure to name, explicitly, the state law that permits her to maintain this action.  (Doc. 16 at 8).  Section 1983 does not have a survivorship provision. *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011).  However, where the basis of a § 1983 claim is a constitutional violation that caused death, the claim may be asserted through Alabama's wrongful death statute, Ala. Code § 6-5-410, by virtue of 42 U.S.C. § 1988(a). *See id.* at 1047; *Bell v. Shelby Cnty., Alabama*, 2013 WL 2248247, at *13 (N.D. Ala. May 21, 2013).  The amended complaint does not identify this state statute (or any other) as the basis for the § 1983 claims James asserts against Hudson and the City of Huntsville on behalf of Harris, who was deceased when James commenced this action.  It is this failure that appears to have been one of the bases for the defendants' challenge to the sufficiency of the original complaint and clearly is the basis for the defendants' second ground for dismissal of the amended complaint.  Although James has had one opportunity to amend her complaint and has not sought leave to amend her complaint for a second time in response to the defendants' argument as clarified, *see Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented

by counsel, never filed a motion to amend nor requested leave to amend before the district court."), it is more appropriate to direct James to plead the legal basis of her § 1983 claims with greater specificity than to dismiss her amended complaint, *see Smith v. City of Huntsville*, 14-0555 at Doc. 26, pp. 7-10 (N.D. Ala. filed Mar. 27, 2014) (granting motion for a more definite statement where it was unclear whether plaintiff was attempting to assert a § 1983 claim under Alabama's wrongful death statute). James's references to Alabama's wrongful death statute in her responses to the defendants' motions to dismiss suggest she means to bring her § 1983 claims through that statute, and her failure to seek leave to make this explicit should not be held against her, given the defendants' argument on this point was not clear to the undersigned and, thus, may not have been clear to James.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 15) is **DENIED** and James is **DIRECTED** to clarify the legal basis of her § 1983 claims by filing a second amended complaint within fourteen (14) calendar days from the entry date of this order.

**DONE** this 21st day of December, 2015.

*Staci G. Cornelius*

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE